IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHARI REID | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 22-3645 |
| ARIELLE HYPPOLITE | : | |

**MEMORANDUM**

**SURRICK, J**                                                                                                        **APRIL 26, 2024**

Plaintiff Shari Reid ("Plaintiff") filed this personal injury negligence action against Defendant Arielle Hyppolite ("Defendant") after an automobile accident. (Compl., ECF No. 1.) Plaintiff moves for partial summary judgment, seeking a ruling that Defendant was negligent *per se* and that the automobile collision is the factual cause of Plaintiff's injuries. (Mot., ECF No. 24, at 9 (ECF pagination).) For the following reasons, Plaintiff's Motion will be denied.

I.   **BACKGROUND**

Plaintiff sued Defendants Arielle Hyppolite and Suzie Bateau after her car collided with a car driven by Hyppolite and owned by Bateau. (Compl. ¶¶ 6-8.) Plaintiff alleged that the action resulted from Hyppolite's negligence and was not the result of any action or failure to act by Plaintiff. (*Id.* ¶¶ 9-10.) In particular, Plaintiff maintains that Hyppolite ran a red light and collided with her car. (Mot. at 2-3.) Bateau was dismissed from the action. (ECF No. 17.)

Defendant maintains that she approached the intersection of the accident with a green light, when Plaintiff entered the intersection on a red light and struck Defendant's car. (Opp'n, ECF No. 25-1, at 1; *see also* Verified Responses to Interrogatories, ECF No. 25-4, Responses 2, 7.) As part of the litigation, both parties hired orthopedic surgeons to examine Plaintiff and issue reports. (Exs. B and C, ECF No. 24-1.)

## II.      LEGAL STANDARD

Under Federal Rule of Civil Procedure 56(a), summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A dispute is "genuine" if there is a sufficient evidentiary basis on which a reasonable jury could return a verdict for the non-moving party. *Kaucher v. Cty. of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "[A] factual dispute is material only if it might affect the outcome of the suit under governing law." *Id*. The court must view the evidence in the light most favorable to the non-moving party. *Galena v. Leone,* 638 F.3d 186, 196 (3d Cir. 2011). "Unsupported assertions, conclusory allegations, or mere suspicions" are insufficient to overcome a motion for summary judgment. *Schaar v. Lehigh Valley Health Servs., Inc.*, 732 F. Supp. 2d 490, 493 (E.D. Pa. 2010) (citing *Williams v. Borough of W. Chester*, 891 F.2d 458, 460 (3d Cir. 1989)). If the moving party bears the burden of proof at trial, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(c) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . ."); *see also Matsushita Elec. Indus. Co., v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (noting that the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts"). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co.*, 475 U.S. at 587 (citation omitted).

## III.      DISCUSSION

### A.      Negligence *Per Se*

Plaintiff argues that she is entitled to a ruling that Defendant was negligent *per se* as a

matter of law because Defendant "failed to conform her actions" to applicable Pennsylvania law when she ran a red light, and "[t]here is no genuine issue of material fact that Defendant failed to stop at a red light, thus causing the collision at issue." (Mot. at 12-13.)

In opposition, Defendant maintains that genuine issues of material fact preclude summary judgment because Defendant testified that she "did not fail to observe a red light," and stated in answering Plaintiff's interrogatories that the accident occurred when Plaintiff ran a red light and struck Defendant's vehicle. (Opp'n, ECF No. 25-1, at 4.)

The existence of genuine issues of material fact preclude us from granting Plaintiff's Motion with respect to whether Defendant was negligent *per se*. "The concept of negligence *per se* establishes the elements of duty and breach of duty where an individual violates an applicable statute, ordinance, or regulation designed to prevent a public harm." *Schemberg v. Smicherko*, 85 A.3d 1071, 1074 (Pa. Super. Ct. 2014) (citation omitted). A claim based on negligence *per se* includes four elements: "(1) The purpose of the statute must be, at least in part, to protect the interest of a group of individuals, as opposed to the public generally; (2) the statute or regulation must clearly apply to the conduct of the defendant; (3) the defendant must violate the statute or regulation; and (4) the violation of the statute or regulation must be the proximate cause of the plaintiff's injuries." *Id*. The record before us includes two opposing explanations as to how the accident at issue occurred and draws from different sources, including a police report, interrogatory responses, and deposition testimony. (Ex. A, ECF No. 24-1, Ex. A, ECF No. 25-4, Ex. B, ECF No. 25-5.) We cannot usurp a jury's role in deciding whether to credit Plaintiff's or Defendant's account of the collision and whether Defendant in fact ran a red light. Accordingly, Plaintiff's Motion will be denied.

B.	**Factual Causation**

Plaintiff seeks a ruling that Plaintiff sustained at least some injury as a result of the automobile collision. (Mot. at 15.) Plaintiff argues that such a ruling is appropriate because she asserts that both parties' medical experts agree that Plaintiff "suffered at least strains . . . as a direct result of the subject collision." (*Id*. at 14.) In other words, according to Plaintiff, "there is no genuine issue of material fact that the experts agree, within a reasonable degree of medical certainty, that Plaintiff suffered at least some injury as a result of the subject collision." (*Id*. at 15.) When parties' medical experts agree that at least some injury resulted from a collision, a jury cannot make a determination that is against the weight of the evidence. (*Id*. at 13.)

Defendant argues that Plaintiff's Motion must be denied because she failed to prove that there are no genuine issues of material fact regarding the factual cause of Plaintiff's injuries. (Opp'n at 5.) Defendant disputes that the parties' experts agree that Plaintiff suffered at least some injury as a direct result of the accident as Defendant maintains that her expert opines that Plaintiff was not injured. (*Id*. at 5-6.) Here too, we will deny Plaintiff's Motion.

Pennsylvania law is clear that "[w]here there is no dispute that the defendant is negligent and both parties' medical experts agree the accident caused some injury to the plaintiff, the jury may not find the defendant's negligence was not a substantial factor in bringing about at least some of plaintiff's injuries." *Andrews v. Jackson*, 800 A.2d 959, 962 (Pa. Super. Ct. 2002) (emphasis omitted). "Such a verdict is contrary to the weight of the evidence adduced at trial." *Id*. "In other words, a jury is entitled to reject any and all evidence up until the point at which the verdict is so disproportionate to the uncontested evidence as to defy common sense and logic." *Id*.

4

Plaintiff's argument fails for two reasons. To rule in favor of Plaintiff, there must be "no dispute that the defendant is negligent." *Andrews*, 800 A.2d at 962. This is not such a case because, as discussed above, the parties have presented conflicting evidence with regard to whether Defendant ran a red light and caused the accident. *Compare* (Mot. at 10) *with* (Opp'n at 1, 4.) As such, a ruling on factual causation is not appropriate here. Second, we cannot conclude that "both parties' medical experts agree the accident caused some injury to the plaintiff," *Andrews*, 800 A.2d at 962, because Defendant's expert report includes different interpretations with respect to Plaintiff's injuries. *Compare* (Ex. C, ECF No. 25-6, at 5 (ECF pagination).) ("At worst, [Plaintiff] suffered a minor cervical sprain/strain in her motor vehicle accident.") *with* (*id.* at 5-6) ("My personal review of her MRI showed minimal nontraumatic disc findings consistent with her age and history of prior cervical spine injury" and noting that Plaintiff's complaints of pain are inconsistent with her MRI findings). This is not a case "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co.*, 475 U.S. at 587. We will not usurp the jury's role in construing the opinion of Defendant's medical expert. Accordingly, Plaintiff's Motion will be denied.

IV.     **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion will be denied. An appropriate Order follows.

                                                         BY THE COURT:

                                             */s/ R. Barclay Surrick*
                                            **R. BARCLAY SURRICK, J.**